UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdul Shariff, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff | **CIVIL COMPLAINT** |
| - against - | 14cv5378 |
| BFC Realty LLC and Crystal & Chris Food Corp.<br><br>Defendants | Plaintiff  Demands Trial by Jury |

Plaintiff, Abdul Shariff, complaining through his attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendants**:**

## NATURE OF THE CASE

1.       In violation of well-settled, two decade old law, Defendants have chosen to place architectural barriers which prevents all disabled persons who use wheelchairs or scooters from entering its public accommodation.

2.       Plaintiff files this action for himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Laws, Admin. Code § 8-107, *et seq*.

3.       Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4.       That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Queens, NY.

5.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.     The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8.     Defendant **BFC REALTY LLC** is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Queens County.

9.     Upon information and belief, Defendant **BFC REALTY LLC** is owner of the commercial property which houses a public accommodation named Bravo Supermarket located at 108-54 Guy R Brewer Blv, Jamaica NY 11433.

10.    Defendant **CRYSTAL & CHRIS FOOD CORP.** is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Queens County.

11.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## CLASS ACTION

12.    Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of the ADA, New York City

Human Rights Laws and New York State Human Rights Laws.

13.     Plaintiff, complaining for himself and all other similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

15.     The ADA, New York State Human Rights Laws, and New York City Human Rights Laws recognize individuals with disabilities as a protected class.

16.     It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

17.     The ADA, New York State Human Rights Laws, and New York City Human Rights Laws requires a public accommodation to be readily accessible to and usable by a disabled individual.

18.     Defendants are required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

19.     Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

20.     Unequal treatment is unlawful.  Therefore, if a public accommodation provides unobstructed access to nondisabled individuals, it also must provide unobstructed access to disabled individuals who use wheelchairs.

21.     The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

22.     The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Laws or New York State Human Rights Laws.  Property leases which contain contradictory language is superseded by the ADA.

23.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Laws and New York State Human Rights Laws.

24.     If an individual with a disability is dissuaded from entering or receiving the services of a public accommodation because of the existence of an architectural barrier, the landlord and tenant will be liable for discrimination.

## FACTUAL BACKGROUND

25.     Plaintiff is paralyzed and cannot walk. As a result he uses a wheelchair for mobility.

26.     Plaintiff has a disability as defined by the ADA, New York State Human Rights law, and New York City Admin. Code § 8-102(16).

27.     Defendant **BFC REALTY LLC** owns or leases the commercial property which houses

4

the public accommodation located at 108-54 Guy R Brewer Blv, Jamaica NY 11433 (hereinafter 'facility').

28.     Defendant **CRYSTAL & CHRIS FOOD CORP.** owns or operates a public accommodation located at 108-54 Guy R Brewer Blv, Jamaica NY 11433.

29.     In or about January 2014, Plaintiff attempted to use Defendants' public accommodation, however was unable to enter because of an unlawful architectural barrier.

30.     Plaintiff resides in the same County as Defendant's public accommodation and is frequently near Defendant's facility.

31.     To date, Defendants have failed to remove the architectural barriers.

### PLAINTIFF's FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

32.     Defendants' facility located at 108-54 Guy R Brewer Blv, Jamaica NY 11433, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

33.     Upon information and belief, since 1992, Defendants facility has undergone alterations. Nevertheless, Defendants have failed to remove all architectural barriers to the maximum extent feasible.

34.     Defendants have failed to remove all architectural barriers in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

35.     It is not impossible for Defendants to remove all architectural barriers which exist at its facility.

36.     Features of Defendants' public accommodation inaccessible to plaintiff, and others similarly situated, are including but not limited to:

a.   Defendants do not provide an accessible route to enter its public accommodation in violation of 28 C.F.R. § 36.403(e) the ADA Accessibility Guidelines, Appendix D to Part 1191 § 402.

b.   Defendants do not provide an accessible exit from its public accommodation.

c.   Upon information and belief, Defendants do not provide sufficient maneuvering clearance to maneuver in the retail aisles.

d.   Upon information and belief, Defendants have set up displays of retail goods at the end of the aisle. These displays prevent wheelchair access.

37.   The removal of existing architectural barriers is readily achievable.

38.   Defendants' failure to make its facility, accessible to plaintiff, and other persons similarly situated, denies them the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

39.   Defendants do not provided Plaintiff and others similarly situated with equal opportunity to the use of their public accommodation.

40.   Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

41.   Defendants failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

42.   It is not structurally impracticable for Defendants' facility to be accessible.

43.   Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

44. Defendants have discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

45.   Defendants have subjected Plaintiff on the basis of his disability, directly, or through contractual or other arrangements, denial of the opportunity to participate in or benefit from the

goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

46.    Defendants have afforded Plaintiff, on the basis of his disability, directly, or through contractual or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

47.    Defendants provided plaintiff, on the basis of his disability or disabilities, directly, or through contractual or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

48.    Defendants have not afforded Plaintiff the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

49.    Defendants have denied Plaintiff the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

50.    Defendants have failed to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

51.    Defendant should have achieved accessibility by January 26, 1992.

## PLAINTIFF's SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Laws § 296, *et seq*)

52.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

53.     Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

54.     Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

55.     Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

56.     Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

57.     Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

58.     Defendants discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

59.     As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Laws, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

### PLAINTIFF's THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Laws)

60.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

61.     On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

62.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

63.    Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

64.    Notice of the action has been served upon the Attorney-General as required by Civil

Rights Law § 40-d.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Violations of the New York City Human Rights Laws § 8-107(4))

65.    Plaintiff realleges and incorporates by this reference all allegations set forth in this

Complaint as if fully set forth herein.

66.    Defendants have failed to make adequate accommodations and modifications to its

facility located at 108-54 Guy R Brewer Blv, Jamaica, NY.

67.    In violation of New York City Admin. Code § 8-107(4), Defendants have directly or

indirectly, refused, withheld from or denied Plaintiff the accommodations, advantages, facilities

or privileges thereof.

68.    In violation of New York City Admin. Code § 8-107(4), Defendants have made

declarations to the effect that its accommodations, advantages, facilities and privileges shall be

refused, withheld from or denied to Plaintiff on the basis of his disability.

69.    In violation of New York City Admin. Code § 8-107(4), Defendants have demonstrated

that the patronage or custom of Plaintiff is unwelcome, objectionable or not acceptable, desired

or solicited.

70.    Pursuant to New York City Human Rights Law § 8-502, notice of this action has been

served upon New York City's Commissioner on Human Rights.

71.    As a direct and proximate result of Defendants unlawful discrimination in violation of

the New York City Human Rights Laws, Plaintiff has suffered and continues to suffer mental

anguish and emotional distress.

**PLAINTIFF'S FIFTH CAUSE OF ACTION**
**(Failure to Reasonably Accommodate in violation of NYC Admin. Code § 8-107(15))**

72.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

73.     Reasonable accommodations are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

74.     In violation of New York City Admin. Code § 8-107(15), Defendants have failed to reasonably accommodate Plaintiff.

75.     The necessary reasonable accommodations do not cause an undue hardship on Defendants.

76.     As a direct and proximate result of Defendants unlawful discrimination in violation of the New York City Human Rights Laws, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

**PLAINTIFF'S SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

77.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

78.     Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

**INJUNCTIVE RELIEF**

79.     Issue a permanent injunction enjoining Defendants from disability discrimination.

80.     Issue a permanent injunction ordering Defendants to alter its facility to make such

facility readily accessible to and usable by individuals with disabilities.

81.     Issue a permanent injunction requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A.     Certify this case as a class action;

B.     Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination.

C.     Enter declaratory judgment, specifying Defendants ADA and New York State law violations and declaring the rights of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.     Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E.     Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.     The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.      Award Plaintiff compensatory damages in the amount of $2000 from each

Defendant for their violation of New York State Human Rights Laws.

H.      Award Plaintiff compensatory damages in the amount of $2,000 from each

Defendant for their violation of New York City Human Rights Laws.

I.      Award plaintiff punitive damages in the amount to be determined by the jury

from each defendant for its violations of New York City Human Rights Laws.

J.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable

attorney fees, costs and expenses, and such other and further relief, at law or in equity,

to which the Plaintiff and other persons similarly situated may be justly entitled.

K.      For such other and further relief, at law or in equity, to which the Plaintiff and

other persons similarly situated may be justly entitled.


Dated this September 12, 2014


X _____

JAMES E. BAHAMONDE, ESQ.
(JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel:  (516) 783-9662
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com
Our File No.: 14EDNY053


Pursuant to 22 NYC RR 130-1.1, the undersigned, an attorney admitted to practice in the State of New York, certifies that, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a.